# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 3320 | **DATE** | 4/27/2010 |
| **CASE TITLE** | ERCOR CORPORATION, F/K/A MCDANIEL FIRE SYSTEMS, INC. v. NORTHERN BUILDING CO. | | |

**DOCKET ENTRY TEXT**

Northern Building Co.'s objection to the magistrate judge's February 26, 2010 order [60] is overruled. Ercor Corporation, f/k/a McDaniel Fire Systems, Inc.'s motion to compel discovery responses and for an award of reasonable attorney fees and costs [28] is granted. Northern shall comply with all outstanding discovery requests by May 6, 2010. SEE BELOW FOR DETAILS. *Suzanne B. Conlon*

■[ For further details see text below.]

Notices mailed by Judicial staff.
cc: Magistrate Judge Soat Brown

## STATEMENT

In this diversity action, Ercor Corporation, f/k/a McDaniel Fire Systems, Inc. ("McDaniel"), sues Northern Building Co. ("Northern") for breach of contract (Count I), unjust enrichment (Count II), quantum meruit (Count III), and account stated (Count IV). McDaniel alleges Northern failed to pay for the upgrade work McDaniel performed on the fire alarms at Chicago's Midway Airport.

McDaniel filed a motion to compel Northern's outstanding discovery requests. McDaniel argued Northern repeatedly misrepresented its compliance with the discovery requests, and subsequent productions demonstrated the misrepresentation. Dkts. 28, 30-31 The discovery dispute was referred to the magistrate judge. On February 26, 2010, following a hearing, the magistrate judge granted the motion to compel and ordered Northern to make arrangements for McDaniel's counsel to inspect documents at Northern's office. Dkt. 40. In addition, McDaniel was awarded its reasonable attorney fees and costs incurred in bringing the motion to compel and in reviewing documents at Northern's office, under Fed. R. Civ. P. 37(a)(5); McDaniel's counsel was ordered to submit a statement of fees and costs to Northern's counsel by March 19, 2010. Dkt. 40. The order was based on reasons stated in the record. Dkt. 40.

Northern objects to the magistrate judge's order because its office is its president's home, and Northern has produced all responsive documents. Northern argues the magistrate judge's order should be viewed as a report and recommendation subject to *de novo* review because sanctions were awarded. A magistrate judge's ruling on a non-dispositive matter will be reversed only if the order is clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a). Routine discovery motions are non-dispositive under Rule 72(a). *Fidelity Nat'l Title*

| | Courtroom Deputy Initials: | AIR |
|---|---|---|

| STATEMENT |
|---|

*Ins. Co. of New York v. Intercounty Nat'l Title Ins. Co.*, No. 00 C 5658, 2002 WL 1433584, at *2 (N.D. Ill. July 2, 2002) (Conlon, J.).

Review of a magistrate judge's recommendation on a dispositive motion is *de novo*. Fed. R. Civ. P. 72(b)(3); *Alpern v. Lieb*, 38 F.3d 933, 935 (7th Cir. 1994). Dispositive motions include those for sanctions. *Alpern*, 38 F.3d at 935; *see also Mintel Int'l Grp., Ltd. v. Neergheen*, 636 F. Supp. 2d 677, 690-91 (N.D. Ill. 2009) (Dow, J.) (magistrate judge's order on motion for sanctions under Fed. R. Civ. P. 37 or contempt is construed as a report and recommendation subject to *de novo* review). *De novo* review does not necessitate a new hearing; it requires fresh consideration of the disputed issues. *Rajaratnam v. Moyer*, 47 F.3d 922, 925 n.8 (7th Cir. 1995).

Northern is required to provide specific objections to the magistrate judge's recommendation, and must "promptly arrange for transcribing the record . . . ." Fed. R. Civ. P. 72(b)(2). Northern has not made specific objections to the magistrate judge's ruling, and fails to provide a transcript of the February 26, 2010 hearing, despite the fact the ruling was based on reasons stated on the record. Dkt. 40. Northern complains that McDaniel should not be allowed to view documents at its president's home. The record demonstrates the parties made alternative arrangements for document production, but McDaniel represents that production remains incomplete. Dkt. 72: Joshua Brotemarkle (McDaniel's counsel) Decl. ¶ 108-11. Northern provides no specific objection to the magistrate judge's ruling for this court to consider.

McDaniel did not object to the magistrate judge's order, but requests the harsher sanction of a default judgment in its response to Northern's objection. McDaniel's request is procedurally improper. An objection to a magistrate judge's order on a nondispositive matter or a recommendation on a dispositive matter must be filed within 14 days of receiving the order or recommendation. McDaniel did not file objections. In addition, McDaniel did not request default judgment in its motion to compel. Default judgment against Northern is unwarranted by the record.

*Suzanne B. Conlon*