IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ERCOR CORPORATION, F/K/A MCDANIEL FIRE SYSTEMS, INC., | ) ) ) |
| Plaintiff, | ) Civil Action No.: 09 C 3320 ) |
| v. | ) Suzanne B. Conlon, Judge ) |
| NORTHERN BUILDING CO., | ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

In this diversity case, Ercor Corporation, f/k/a McDaniel Fire Systems, Inc. ("McDaniel"), sues Northern Building Co. ("Northern") for breach of contract (Count I), unjust enrichment (Count II), quantum meruit (Count III), account stated (Count IV), defamation per se (Count V), and defamation (Count VI). McDaniel alleges Northern failed to pay for the upgrade work McDaniel performed on the fire alarms at Chicago's Midway Airport ("Midway"). McDaniel moves for summary judgment on its breach of contract and account stated claims (Counts I and IV); Northern moves for summary judgment on all claims.[1] For the reasons set forth below, the cross-motions for summary judgment are denied.

## BACKGROUND

The following facts are derived from the parties' Local Rule 56.1 statements and exhibits. In 2008, the Federal Aviation Administration ("FAA") hired general contractor Parsons

---

[1] McDaniel withdraws Counts V and VI for defamation *per se* and defamation in its response. This is poor practice for voluntarily dismissing claims. Counts V and VI are dismissed with prejudice.

Infrastructure and Technology Group ("Parsons") to upgrade Midway safety features. Pl. Facts ¶ 3; Def. Facts ¶ 1. Parsons subcontracted work to Northern; Northern subcontracted the fire protection system upgrades to McDaniel. Pl. Facts ¶¶ 5-6; Def. Ex. 1: Northern/McDaniel Contract. The contract price for the project was $134,584.00. Pl. Facts ¶ 7.

The original scope of McDaniel's work included engineering submittals; emergency lights; fire protection equipment; installation of the fire alarm and equipment; removal of the existing fire alarm; and acceptance, testing, and training on the new system. *Id.* ¶ 8. On August 22, 2008, December 19, 2008, and February 17, 2009, McDaniel submitted pay applications for specified work in the amount of $124,087.00. Pl. Exs. 2-4: Applications and Certificates for Payment. On February 19, 2009, McDaniel's president Steve Hubick requested payment from Northern's president Thomas VanDuinen. Pl. Ex. 11. Northern paid McDaniel $20,688.84 on February 19, 2009. Pl. Facts ¶ 25. VanDuinen attests this payment was for McDaniel's subcontractor's work. Def. Ex. 2: VanDuinen Aff. ¶ 11. At some point, disputes about the scope and completion of the contract arose. Northern demanded work outside the scope of the contract. Barry Combs (McDaniel's senior project manager) Aff. ¶ 22. McDaniel performed the extra work subject to an agreed $13,557.62 adjustment of the contract price. *Id.* ¶¶ 23-25. Northern disputes the work was performed. VanDuinen Aff. ¶¶ 27, 31-32.

On March 10, 2009, the FAA and Parsons inspected McDaniel's work. Pl. Facts ¶ 34. The parties dispute the scope and results of the inspection. According to McDaniel, the purpose of the inspection was to determine whether McDaniel's work was substantially complete, meaning the FAA could use the upgraded fire protection system for its intended purpose. Combs Aff. ¶¶ 26-27. Under the contract, the payment (less five percent retainage) was due upon

2

McDaniel's substantial completion of the project. *Id.* ¶ 28; Northern/McDaniel Contract ¶ 12. The FAA determined the fire protection system upgrade was substantially complete. Combs Aff. ¶ 29; Pl. Ex. 10: May 20, 2009 Parsons/VanDuinen E-Mail.

According to Northern, the purpose of the inspection was to determine whether the work met FAA certification requirements; under the contract, successful completion of the upgrades requires FAA certification. VanDuinen Aff. ¶¶ 9, 14. The work failed the FAA inspection and was not certified; on March 23, 2009, Parsons sent Northern a list of 31 items that needed to be completed for FAA certification of the fire alarm system. *Id.* ¶ 17; Def. Ex. 5: March 23, 2009 Parsons/VanDuinen Letter.

McDaniel trained FAA personnel on the new fire protected system on March 11, 2009. Pl. Facts ¶ 41. On March 12, 2009, Northern terminated McDaniel's contract. *Id.* ¶ 43; VanDuinen Aff. ¶¶ 18-20; Pl. Ex. 8: VanDuinen/McDaniel Letter. Northern hired another subcontractor to complete the project. VanDuinen Aff. ¶ 20.

## DISCUSSION

### I. Summary Judgment Standard

On cross-motions for summary judgment, each movant must satisfy Fed. R. Civ. P. 56's requirements. *Int'l Bhd. of Elec. Workers, Local 176 v. Balmoral Racing Club, Inc.*, 293 F.3d 402, 404 (7th Cir. 2002). Summary judgment is warranted only if the pleadings, discovery, and disclosure materials on file, and any affidavits show there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Cracco v. Vitran Express, Inc.*, 559 F.3d 625, 633 (7th Cir. 2009). The moving party has the initial burden of demonstrating entitlement to summary judgment. *Kramer v. Vill. of N. Fond du Lac*, 384 F.3d

3

856, 861 (7th Cir. 2004). If the burden is met, the non-moving party must go beyond the pleadings and set forth specific facts showing there is a genuine issue for trial. Fed. R. Civ. P. 56(e)(2); *Kramer*, 384 F.3d at 861. The court construes all facts and draws all reasonable inferences in the light most favorable to the non-moving party. *Cracco*, 559 F.3d at 633. A genuine issue of material fact exists if the evidence is sufficient to support a reasonable jury verdict in the non-moving party's favor. *Pugh v. City of Attica, Indiana*, 259 F.3d 619, 625 (7th Cir. 2001).

## II.  Arbitration Provision

Northern argues the case should be dismissed because the "FAA/Parsons" contract requires submission of contractor/subcontractor disputes to the FAA; if the FAA hearing does not resolve the dispute, the contract requires arbitration. In support, Northern submits a portion of an unidentified, unauthenticated contract, and contends its contract with McDaniel incorporates the arbitration provision. Def. Ex. 4. McDaniel's subcontract with Northern does not mention the arbitration provision, must less incorporate the provision. *See 188 LLC v. Trinity Indus., Inc.*, 300 F.3d 730, 736-37 (7th Cir. 2002) (Illinois law requires express intent to incorporate a document into a contract). The unidentified provision is permissive; it provides the parties' dispute shall be arbitrated "if mutually agreed to by the Parties." Def. Ex. 4 § 10.3. Northern waived any purported right to arbitration by litigating this case for the past year. *See Cabinetree of Wisconsin, Inc. v. Kraftmaid Cabinetry, Inc.*, 50 F.3d 388, 391 (7th Cir. 1995) (a party's failure to move promptly for arbitration evidences their election to forego arbitration). Dismissal based on the purported arbitration provision is unwarranted.

Northern argues the court "should give consideration to dismissing this case on jurisdictional grounds as well" because it is a Michigan corporation, and McDaniel was an Indiana corporation. The parties diverse citizenship (and the amount in controversy) is the *basis* for federal jurisdiction. 28 U.S.C. § 1332(a)(1). This argument is frivolous.

## III.  Breach of Contract (Count I)

The parties both argue they are entitled to summary judgment on the breach of contract claim (Count I). McDaniel contends Northern breached their contract by failing to pay for the fire system upgrade work. Northern counters payment was not required because the work failed the FAA inspection and was not substantially complete.

To establish breach of contract, McDaniel must prove a valid and enforceable contract, its performance under the contract, Northern's breach of the contract, and injury. *Priebe v. Autobarn, Inc.*, 240 F.3d 584, 587 (7th Cir. 2001); *Hickox v. Bell*, 552 N.E.2d 1133, 1143 (Ill. App. Ct. 1990). Nonpayment is a material breach of contract. *REI Transport, Inc. v. C.H. Robinson Worldwide, Inc.*, 519 F.3d 693, 698 (7th Cir. 2008); *Montalbano Builders, Inc. v. Rauschenberger*, 794 N.E.2d 401, 407 (Ill. App. Ct. 2003). Nevertheless, McDaniel bears the burden of showing it substantially performed its contractual obligations. *Ryerson Coil Processing Co. v. G.R.M. Indus., Inc.*, No. 92 C 4306, 1993 WL 39632, at *2 (N.D. Ill. Feb. 16, 1993) (Conlon, J.); *Allsopp Sand & Gravel v. Lincoln Sand & Gravel*, 525 N.E.2d 1185, 1188 (Ill. App. Ct. 1988).

The parties' competing requests for summary judgment highlight the genuine issues of material fact surrounding McDaniel's performance under the contract. McDaniel presents evidence the FAA determined the fire protection system upgrade was substantially complete on

5

March 10, 2009. Combs Aff. ¶ 29; Pl. Ex. 10: May 20, 2009 Parsons/VanDuinen E-Mail. The e-mail correspondence reflects the fire alarm system passed the test with certain exceptions that did not require postponement of training on the system. May 20, 2009 Parsons/VanDuinen E-Mail. Northern's president attests the work failed the FAA inspection and was not certified; on March 23, 2009, Parsons sent Northern a list of 31 items that needed to be completed for FAA certification of the fire alarm system. VanDuinen Aff. ¶ 17; Def. Ex. 5: March 23, 2009 Parsons/VanDuinen Letter. The scope and result of the FAA testing, the significance of the ability to proceed with training, and the significance of the remaining 31 items required for FAA certification are genuine issues of material fact that may not be resolved on summary judgment. Summary judgment is denied on Count I for breach of contract.

## IV. Unjust Enrichment (Count II) and Quantum Meruit (Count III)

Northern argues it is entitled to summary judgment on the unjust enrichment and quantum meruit claims (Counts II and III) because McDaniel did not perform a service of benefit to Northern. Rather, McDaniel failed to perform satisfactory work, and Northern was required to hire a new subcontractor to complete the project. A quasi-contractual relationship may be implied in the absence of an express contract between the parties under the theories of unjust enrichment and quantum meruit. *Johnson v. Gudmundsson*, 35 F.3d 1104, 1114 n.7 (7th Cir. 1994). To establish unjust enrichment or quantum meruit, McDaniel must demonstrate it performed a service of benefit to Northern, and retention of the benefit without compensation violates the fundamental principles of justice, equity, and good conscience. *First Nat'l Bank of Springfield v. Malpractice Research, Inc.*, 688 N.E.2d 1179, 1185 (Ill. 1997); *HPI Health Care Servs., Inc. v. Mt. Vernon Hosp., Inc.*, 545 N.E.2d 672, 679 (Ill. 1989). As discussed, there are

6

genuine issues of material fact regarding McDaniel's performance of the fire alarm system upgrade. The alleged benefit Northern unjustly retained from McDaniel's services may not be decided as a matter of law.

Northern argues Indiana law governs because the subcontract agreement contains an Indiana choice-of-law provision. Northern/McDaniel Contract ¶ 16. Northern waives the issue by relying extensively on Illinois law. *Vukadinovich v. McCarthy*, 59 F.3d 58, 62 (7th Cir. 1995) (choice of law is waiveable); *Viscofan USA, Inc. v. Flint Group*, No. 08 C 2066, 2009 WL 1285529, at *2-3 (C.D. Ill. May 7, 2009) (McCuskey, J.) (party may waive contractual choice-of-law provision by relying on other law in their argument to the court). The issue is academic because the only difference between Illinois and Indiana law that Northern claims is that quantum meruit is not a valid claim under Indiana law. *Clark v. Peoples Sav. & Loan Ass'n of DeKalb Cty.*, 46 N.E.2d 681, 682 (Ind. 1943). Northern argues the unremarkable principle, long recognized by Illinois law, that when two parties' relationship is governed by contract, they may not recover on quantum meruit or unjust enrichment claims unless the claim falls outside the contract. *Utility Audit, Inc. v. Horace Mann Service Corp.*, 383 F.3d 683, 688-89 (7th Cir. 2004); *Song v. PIL, L.L.C.*, 640 F. Supp. 2d 1011, 1016 (N.D. Ill. 2009) (Grady, J.). Neither party addresses whether the unjust enrichment and quantum meruit claims involve matters outside the contract, or are alternative to the breach of contract claim. Summary judgment in Northern's favor on the unjust enrichment and quantum meruit claims is denied.

## V. Account Stated (Count IV)

The parties both argue they are entitled to summary judgment on the account stated claim (Count IV). McDaniel argues Northern's failure to object within a reasonable time to its

7

invoices, and Northern's partial payment, establish Northern's agreement to the balance due. Northern contends it disagreed with McDaniel's payment request and made a partial payment for the purpose of payment to a subcontractor.

An account stated is an agreement between parties who previously engaged in monetary transactions that the account representing those transactions is true and the balance stated is correct. *Delta Consulting Group, Inc. v. R. Randle Constr., Inc.*, 554 F.3d 1133, 1137 (7th Cir. 2009); *Protestant Hosp. Builders Club, Inc. v. Goedde*, 424 N.E.2d 1302, 1306 (Ill. App. Ct. 1981). An account stated may be established by rendering a statement of account to a party who retains the statement beyond a reasonable time without objection. *Delta Consulting Group*, 554 F.3d at 1137-38; *W.E. Erickson Constr., Inc. v. Congress-Kenilworth Corp.*, 477 N.E.2d 513, 520 (Ill. App. Ct. 1985). The parties' meeting of the minds as to the accuracy of the account may be inferred from their conduct and the circumstances of the case. *Delta Consulting Group*, 554 F.3d at 1138; *Toth v. Mansell*, 566 N.E.2d 730, 734-35 (Ill. App. Ct. 1990).

In addition to the August 22, 2008, December 19, 2008, and February 17, 2009 invoices, McDaniel submitted invoices on March 14 and April 15, 2009. Pl. Exs. 2-6. McDaniel's senior project manager attests Northern never disputed the invoices. Combs Aff. ¶¶ 14, 16, 18, 37, 39, 42. In fact, Northern made a partial payment on February 19, 2009. Pl. Facts ¶ 25. VanDuinen attests this payment was for McDaniel's subcontractor's work. VanDuinen Aff. ¶ 11. Northern terminated McDaniel's contract on March 12, 2009 for repeated refusal and failure to comply with the contract conditions, plans, and specifications. VanDuinen/McDaniel Letter. McDaniel disputes its noncompliance. Combs Aff. ¶ 29; May 20, 2009 Parsons/VanDuinen E-Mail. Northern's purported failure to dispute the invoices and its partial payment do not establish as a

8

matter of law a meeting of the minds regarding the accuracy of the invoices. The timing of disagreements about the scope and completion of the contract is unclear from the record.

Northern argues the account stated claim is barred because the parties had not previously done business together. An account stated is merely a form of proving damages for the breach of a promise to pay on a contract, not an instrument to create original liability. *U.S. Neurosurgical, Inc. v. City of Chicago*, 572 F.3d 325, 333 (7th Cir. 2009); *Dryer Med. Clinic, S.C. v. Corral*, 591 N.E.2d 111, 114 (Ill. App. Ct. 1992). McDaniel's account stated claim arises from the parties' prior subcontract agreement to update the Midway fire alarm system. McDaniel claims Northern owes the balance of the invoices because it did not object within a reasonable time. Genuine issues of material regarding the parties' conduct and McDaniel's work performance preclude summary judgment on the account stated claim (Count IV).

## CONCLUSION

The cross-motions for summary judgment on Count I for breach of contract are denied because there is a genuine issue of material fact whether McDaniel substantially performed its contractual obligations. Genuine issues of material fact regarding the benefit Northern retained from McDaniel's services preclude summary judgment for Northern on Counts II and III for unjust enrichment and quantum meruit. The cross-motions for summary judgment on Count IV for account stated are denied because there are genuine issues of material fact regarding the parties' agreement on the accuracy of the invoices.

9

ENTER:

*Suzanne B. Conlon*
Suzanne B. Conlon
United States District Judge

April 27, 2010